BILZIN SUMBERG BAENA PRICE & AXELROD LLP
Robert W. Turken (admitted *pro hac vice*)
Scott N. Wagner (admitted *pro hac vice*)
Lori P. Lustrin (admitted *pro hac vice*)
Shalia M. Sakona (admitted *pro hac vice*)
1450 Brickell Avenue
Suite 2300
Miami, FL 33131-3456
Telephone: (305) 374-7580
Email: rturken@bilzin.com
Email: swagner@bilzin.com
Email: llustrin@bilzin.com
Email: ssakona@bilzin.com

FENNEMORE CRAIG, P.C.
Amy Abdo (No. 016346)
Carrie Pixler Ryerson (No. 028072)
2394 E. Camelback Road, Suite 600
Phoenix, AZ 85016-3429
Telephone: (602) 916-5000
Email: aabdo@fclaw.com
Email: cryerson@fclaw.com

*Attorneys for Plaintiff Avnet, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Avnet, Inc.,<br><br>            Plaintiff,<br><br>vs.<br><br>Hitachi Chemical Co., Ltd.;<br>Hitachi AIC Inc.;<br>Hitachi Chemical Co. America, Ltd.; ELNA Co., Ltd.; ELNA America Inc.;<br>Matsuo Electric Co., Ltd.; TOSHIN KOGYO Co., Ltd.; Holy Stone Enterprise Co., Ltd.; Milestone Global Technology, Inc. (D/B/A Holystone International); Okaya Electric Industries Co., Ltd.; Okaya Electric America | Case No.: 2:16-cv-02808-ROS<br><br>**PROPOSED JOINT CASE MANAGEMENT PLAN** |

1  Inc.; Taitsu Corporation; Taitsu America, Inc.;
2  Shinyei Kaisha; Shinyei Technology Co., Ltd.; Shinyei Capacitor Co., Ltd.; Shinyei
3  Corporation of America, Inc.; Nitsuko Electronics Corporation; Nissei Electric Co.,
4  Ltd.; Shizuki Electric Co., Inc.; Soshin Electric Co., Ltd.;  and,
5  Soshin Electronics of America, Inc.,
6
7               Defendants.

Plaintiff Avnet, Inc. ("Avnet") and Defendants Hitachi Chemical Co., Ltd.; Hitachi AIC Inc.; Hitachi Chemical Co. America, Ltd.; ELNA Co., Ltd.; ELNA America Inc.; Matsuo Electric Co., Ltd.; Holy Stone Enterprise Co., Ltd.; Milestone Global Technology, Inc. (D/B/A HolyStone International); Okaya Electric Industries Co., Ltd.; Okaya Electric America Inc.; Taitsu Corporation; Taitsu America, Inc.; Shinyei Kaisha; Shinyei Technology Co., Ltd.; Shinyei Capacitor Co., Ltd.; Shinyei Corporation of America, Inc.; Shizuki Electric Co., Inc.; Soshin Electric Co., Ltd.; and Soshin Electronics of America, Inc. (each a "Defendant" and collectively, "Defendants") submit their Proposed Joint Case Management Plan as follows:

**1. The nature of the case, including the factual and legal bases of plaintiff's claims and defendant's defenses.**

<u>Plaintiff</u>: Defendants and their co-conspirators (together, "Conspirators") formed an international cartel that conducted a long-running conspiracy (the "Conspiracy") that extended from at least September 1, 1997 through March 31, 2014 (the "Conspiracy Period"). The purpose and effect of this conspiracy was to fix, stabilize, and maintain prices and allocate the market for aluminum, tantalum, and film capacitors (together, "Affected Capacitors") in violation of the Sherman Act. Through their collusive, anticompetitive actions, Conspirators effectively negated, and reversed the normal economic benefits of increased competition, and thus cost their customers, including Plaintiff, hundreds of millions of dollars in overcharges.

<u>Defendants</u>: Defendants dispute the nature of the alleged Conspiracy, including the alleged Conspiracy Period and alleged Affected Capacitors. Defendants also dispute the alleged effects of the alleged Conspiracy, including the alleged harm to Plaintiff. Some or all the Defendants may additionally dispute their participation in the alleged Conspiracy.

**2. A list of elements of proof necessary for each count of the Complaint and each affirmative defense.**

<u>Plaintiff</u>: Avnet must submit sufficient proof to satisfy the elements of the Sherman Act, specifically, that each of the Defendants entered into a contract, combination, or conspiracy, in restraint of trade or commerce and that Avnet's business and property were injured as a result of Defendants' violations. <u>Defendants</u>: On November 22, 2016, the Court granted Plaintiff's Motion for Waiver of Service and Extension of Time for Defendants' to Respond to Complaint, ECF No. 20. This Order stipulates, *inter alia*, that the deadline for Defendants to respond to Plaintiff's complaint shall be sixty days after the Court's order on Defendants' motion to transfer under 28 U.S.C. § 1404. ECF No. 20 at 1-2.

On December 22, 2016, Defendants submitted a motion to transfer this action to the Northern District of California, pursuant to 28 U.S.C. § 1404(a) ("Transfer Motion"), ECF No. 29. The Court has yet to rule on the Transfer Motion and as such, it is premature for Defendants to respond to Plaintiff's allegations or offer specific affirmative defenses. Regardless, Defendants intend to contest Avnet's ability to submit sufficient proof to satisfy the elements of the Sherman Act, and will assert numerous affirmative defenses in any forthcoming answer to Plaintiff's complaint, including but not limited to Plaintiff's claims being time barred, Plaintiff failing to mitigate its alleged damages, and that Plaintiff's alleged damages were caused by market conditions or acts and omissions other than the alleged Conspiracy.

3. **The factual and legal issues genuinely in dispute and whether they can be narrowed by stipulation or motion.**

<u>Plaintiff</u>: Avnet anticipates that all or some of the Defendants will dispute their participation in the conspiracy and the amount of Avnet's damages—neither of which can be narrowed by stipulation or motion.

<u>Defendants</u>: Defendants take no position at this time on whether factual and/or legal issues in dispute can be narrowed by stipulation or motion.

**4. The jurisdictional basis of the case, citing specific statutes.**

This Court has jurisdiction over this action pursuant to Section 4 of the Clayton Act (15 U.S.C. §§ 15(a)) and 28 U.S.C. §§ 1331 and 1337.

**5. Parties, if any, which have not been served as well as parties which have not filed an answer or appearance.**

Defendants TOSHIN KOGYO., Ltd., Nitsuko Electronics Corporation, and Nissei Electric Co., Ltd. have not yet been served. Avnet will be initiating service in accordance with the 1965 Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (Hague Convention).

6. **The names of parties not subject to the Court's jurisdiction.**

None.

7. **Whether there are further dispositive or partially dispositive issues to be decided by pretrial motions and hearings, including evidentiary hearings pursuant to *Daubert* and/or Fed. R. Evid. 702.**

While the parties have yet to begin discovery, the parties anticipate that both Avnet and Defendants will file motions for summary judgment and *Daubert* motions.

**8. Whether the case is suitable for reference to a United States Magistrate Judge for all further proceedings or to a special master.**

In the event that this case proceeds before this Court following resolution of the Transfer Motion, the parties agree that with the exception of discovery-related disputes, this case is not suitable for reference to a United States Magistrate Judge.

**9. The status of related cases pending before other judges of this Court or before other courts.**

There is a consolidated action pending in the Northern District of California, in which a putative class of direct purchasers, a putative class of indirect purchasers, and a direct action plaintiff asserts claims against a number of defendants alleging violations of federal and state antitrust laws in respect of the Defendants' and their co-conspirators' sales of aluminum, tantalum, and film capacitors.  With the exception of the instant

action and another recently filed action pending in the Southern District of Florida styled *The AASI Beneficiaries' Trust, By and Through Kenneth A. Welt, Liquidating Trustee v. AVX Corp. et al.*, Case No. 16-cv-23691-DPG (filed August 29, 2016) ("AASI Action"), all actions are currently pending in the United States District Court for the Northern District of California before the Honorable James Donato. *In re Capacitors Antitrust Litigation*, 14-cv-03264-JD (N.D. Cal.) ("California Actions"). The AASI Action is in the same posture as this case.

Class action certification expert discovery begins on February 24, 2017; expert opposition reports are due on March 24, 2017; and expert rebuttal reports are due on April 21, 2017. Plaintiffs' opening class certification motions and briefs are due on June 15, 2017; opposition briefs are due on July 13, 2017; and reply briefs are due on August 3, 2017.

Several of the Defendants have entered into a settlement with the classes. In addition to Avnet and AASI, several other major purchasers have elected to opt out of the settlement class. Flextronics is a major direct purchaser who is pursuing its own case, which is consolidated as part of the California Actions.

Fact discovery is currently scheduled to be completed by November 6, 2017. The parties to the California Actions have also agreed to a summary judgment schedule: motions are due on March 15, 2018; oppositions are due on April 12, 2018; and replies are due on May 3, 2018.

Trial for the California Actions is currently scheduled for August 6, 2018.

**10. Suggested changes, if necessary, in the timing, form, or requirements for disclosures under Rule 26(a), Fed. R. Civ. P., including a statement of when Initial Disclosures were made or will be made in accordance with Paragraph D above.**

Plaintiff: Avnet proposes that disclosures under Rule 26(a), Fed. R. Civ. P. will be made by June 1, 2017.

4

1   Defendants: Defendants' position is that it is premature to set a date for which Rule
2   26(a) disclosures will be made until the Transfer Motion is decided.

3   **11. Suggested changes, if any, in the limitations on discovery imposed by Fed. R.**
4   **Civ. P. 30, 31 and 33.**

5   Plaintiff:

6   Prior to this filing, the Parties participated in a 26(f) conference to discuss the issues required by this Court's Agenda for Case Management Meeting. During the 26(f) conference, Avnet outlined its positions as to how discovery should proceed, as well as proposed dates for various case deadlines. Defendants stated no specific objections to Avnet's proposals. The Parties agreed, however, that Avnet would circulate its proposal in writing, and that Defendants would review and respond with any points of disagreement. At no time during the conference did Defendants intimate, let alone state, that they would not offer a single date for any item requiring discussion in the case management plan.

15   Throughout this joint submission, Defendants take the position that it is premature for the Defendants to agree to any item or suggest any date until the Transfer Motion is decided. Defendants' decision not to substantively participate in this submission is without any basis. This case was filed in and remains pending before this Court. The pendency of Defendants' Transfer Motion does not change Defendants' obligations to abide by this Court's rules and procedures. As such, Defendants are required to actively participate in case management discussions as required by this Court's Agenda. *See* Agenda for Case Management Meeting and Proposed Case Management Plan Format ("At the Rule 26(f) Case Management Meeting, the parties **shall** discuss and develop a Proposed Joint Case Management Plan) (emphasis added).

25   Therefore, Plaintiff submits for the Court's consideration the following with respect to discovery that was previously discussed with Defendants:

27   All discovery provided by Defendants in the California Actions shall be usable in this case by the Defendants or Avnet during discovery, in pretrial motions, at trial, or for any

5

other purpose to the same degree as if the discovery was taken in this case. Avnet agrees to sign the operative Protective Order in place in the California Actions, and Defendants agree to lodge the Protective Order with the California court. This is without prejudice to Avnet's ability to propound additional discovery on the Defendants and Avnet's right to move to compel in this Court any previously served discovery. Defendants may refer to the discovery produced in the California Action in response to any discovery propounded by Avnet if, and to the extent that, the previously-produced materials are responsive to Avnet's requests.

The Discovery Plan entered into by Judge Donato in the Northern District of California (reference D.E. # 725) is appropriate to serve as a basis for a discovery plan in this case. Specifically:

- There would be same number limits on depositions (135) and all depositions taken in the California Actions may be used for all purposes as if taken in the instant case and if used, will count toward the 135 limit. Defendants will immediately forward to Avnet all notices of deposition served in the California Actions upon service.

- Avnet will be entitled to take its own deposition of each Defendant's corporate representative pursuant to Fed. R. Civ. P. 30(b)(6). Each 30(b)(6) deposition will be limited to 7 hours of testimony if the deposition is taken in English, and 14 hours of testimony if the deposition is taken with the assistance of a translator. These limits do not apply to the ACPERA Applicant, should Avnet name it as a Defendant in the future.

- In addition to previously-issued interrogatories in the California Actions, Avnet may serve 20 interrogatories to each defendant family. Defendants may jointly serve 25 interrogatories on Avnet, and each defendant family may serve an additional 10 interrogatories on Avnet.

Defendants: Defendants' position is that it is premature to agree to a discovery plan until the Transfer Motion is decided. If the case is not transferred to the Northern District

6

of California, Defendants are willing to provide Avnet with non-duplicative reasonable discovery that would serve as the basis of a discovery plan. Discovery with Avnet would be contingent upon Avnet signing the Protective Order in the California Actions.

Defendants also take issue with Avnet's characterization of the 26(f) conference. During the conference, Defendants clearly objected to setting dates or deadlines until this Court rules on the Transfer Motion. In addition to the reasons set forth in the Transfer Motion, Defendants believe that this action should be transferred to the Northern District of California because many of the issues contained in this Proposed Joint Case Scheduling Plan have already been resolved in the California Actions. In the event that the case is not transferred to the Northern District of California, Defendants are willing to promptly meet and confer with Avnet regarding a revised Proposed Joint Case Scheduling Plan.

12. **The scope of discovery, the date discovery should be completed, and whether discovery should be conducted in phases or should be limited to or focused on particular issues.**

Plaintiff: Avnet proposes that fact discovery will be completed by April 9, 2018 and expert discovery will be completed by July 31, 2018.

Defendants: Defendants' position is that it is premature to set dates for which fact discovery and expert discovery will be completed until the Transfer Motion is decided.

13. **The final date for supplementation of discovery is to be set two to three weeks after the close of formal discovery.**

Plaintiff: Avnet proposes that the final date for supplementation of discovery will be April 30, 2018 for fact discovery and August 17, 2018 for expert discovery.

Defendants: Defendants' position is that it is premature to set final dates for which discovery will be supplemented until the Transfer Motion is decided.

14. **In addition to the deadlines mentioned above, the proposed deadlines for:**

Plaintiff: Avnet proposes the following deadlines:

7

  a. disclosure of experts and testimony under Rule 26(a)(2): Plaintiff's disclosures by May 1, 2018;[1] Defendants' disclosures by June 1, 2018; exchange of rebuttal reports by June 30, 2018.

  b. filing dispositive motions: August 31, 2018

  c. lodging the **Joint Proposed Pretrial Order**: November 15, 2018

Defendants: Defendants' position is that it is premature to set deadlines for expert disclosure, dispositive motions, and the Joint Proposed Pretrial Order until the Transfer Motion is decided.

15. **Estimated dates the case will be ready for trial, the estimated length of trial, and any suggestions for shortening the trial;**

Plaintiff: Avnet contends that the case should be ready for trial in March, 2019. The estimated length for trial is 5 weeks.

Defendants: Defendants' position is that it is premature to set a trial date until the Transfer Motion is decided.

16. **Whether a jury trial has been requested;**

Plaintiff has requested a jury trial.

17. **The prospects for settlement, including any request for a settlement conference before another United States District Judge or a United States Magistrate Judge, or other request for Court assistance in settlement efforts;**

Plaintiff: The parties have not engaged in settlement discussions and Avnet does not believe that there is a reasonable prospect of settlement at this time.

Defendants: Defendants take no position at this time on whether there is a reasonable prospect of settlement with some or all of the Defendants.

18. **In class actions, the proposed dates for class certification proceedings and other class management issues;**

---

[1] This date also applies to Defendants with respect to Defendants' experts who will opine on issues for which Defendants carry the burden of proof.

8

Not applicable.

**19. Whether any unusual, difficult or complex issues exist which would require the case be placed on the complex track for case management purposes; and**

This case deals with highly complex issues and accordingly, in the event that this case proceeds before this Court following resolution of the Transfer Motion, the parties agree that it should be placed on the complex track for case management purposes.

**20. Any other matters which counsel believe will aid the Court in resolving the dispute in a just, speedy, and cost-efficient manner;**

None.

| | | |
|---|---|---|
| 1 | Dated: March 3, 2017 | By: */s/*          *Scott N. Wager* |
| 2 | | Robert W. Turken (admitted *pro hac vice*) |
| | | Scott N. Wagner (admitted *pro hac vice*) |
| 3 | | Lori P. Lustrin  (admitted *pro hac vice*) |
| | | Shalia M. Sakona (admitted *pro hac vice*) |
| 4 | | **BILZIN SUMBERG BAENA PRICE** |
| | | **& AXELROD, LLP** |
| 5 | | 1450 Brickell Avenue |
| 6 | | Suite 2300 |
| | | Miami, FL 33131-3456 |
| 7 | | (305)374-7580 |
| | | Email: rturken@bilzin.com |
| 8 | | Email: swagner@bilzin.com |
| 9 | | Email: llustrin@bilzin.com |
| | | Email: ssakona@bilzin.com |
| 10 | | |
| 11 | | Amy Abdo (No. 016346) |
| | | Carrie Pixler Ryerson (No. 028072) |
| 12 | | **FENNEMORE CRAIG, P.C.** |
| 13 | | 2394 E. Camelback Road, |
| | | Suite 600 |
| 14 | | Phoenix, AZ 85016-3429 |
| | | Telephone: (602) 916-5000 |
| 15 | | Email: aabdo@fclaw.com |
| 16 | | Email: cryerson@fclaw.com |
| 17 | | *Attorneys for Plaintiff Avnet, Inc.* |

10

*s/ Chul Pak*
Chul Pak (admitted *pro hac vice*)
Jeffrey C. Bank (admitted *pro hac vice*)
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
(212) 497-7726
Fax: (212) 999-5899
cpak@wsgr.com
jbank@wsgr.com

*Counsel for Defendants Hitachi Chemical Co., Ltd., Hitachi Chemical Co. America, Ltd., and Hitachi AIC Inc.*

*s/ Eric P. Enson*
Eric P. Enson (admitted *pro hac vice*)
**JONES DAY**
555 South Flower Street, Fiftieth Floor
Los Angeles, California 90071
(213) 489-3939
Fax: (213) 243-2539
epenson@JonesDay.com

*Counsel for Defendants Holy Stone Enterprise Co., Ltd. and Holystone International*

*s/ Andrew M. Legolvan*
Andrew M. Legolvan
**DENTONS US LLP**
One Market Plaza
Spear Tower, 24th Floor
San Francisco, California 94105
State Bar No. 032259
415) 267-4000
Fax: (415) 267-4198
andrew.legolvan@dentons.com

Gaspare J. Bono (admitted *pro hac vice*)
**DENTONS US LLP**
1900 K Street N.W.
Washington, D.C. 20006
(202) 496-7211
Fax: (202) 496-7756
gap.bono@dentons.com

*Counsel for Defendants Shinyei Kaisha, Shinyei Technology Co., Ltd., Shinyei Capacitor Co., Ltd. and Shinyei Corporation of America, Inc.*

*s/ Adam R. Prescott*
Adam R. Prescott (admitted *pro hac vice*)
**WILMER CUTLER PICKERING HALE AND DORR, LLP**
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 663-6000
Fax: (202) 663-6363
adam.prescott@wilmerhale.com

Heather S. Tewksbury
**WILMER CUTLER PICKERING HALE AND DORR, LLP**
950 Page Mill Road
Palo Alto, California 94304
(650) 858-6134
Fax: (650) 858-6100
heather.tewksbury@wilmerhale.com

*Counsel for Defendants ELNA Co. Ltd. and ELNA America Inc.*

11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*s/ Darrell Prescott*
Darrell Prescott (admitted *pro hac vice*)
**BAKER AND MCKENZIE LLP**
452 Fifth Avenue
New York, New York 10018
(212) 626-4476
Fax: (212) 310-1637
darrell.prescott@bakermckenzie.com

Meghan E. Hausler (admitted *pro hac vice*)
**BAKER AND MCKENZIE LLP**
2001 Ross Ave., Ste. 2300
Dallas, Texas 75201
(214) 965-7219
Fax: (214) 978-3099
Meghan.Hausler@bakermckenzie.com

*Counsel for Defendants Okaya Electric Industries Co., Ltd. and Okaya Electric America Inc.*

*s/ Jarod M. Bona*
Jarod M. Bona
Aaron R. Gott
**BONA LAW PC**
4275 Executive Square, #200
La Jolla, California 92037
(858) 964-4589
Fax: (858) 964-2301
jarod.bona@bonalawpc.com
aaron.gott@bonalawpc.com

*Counsel for Defendants Taitsu Corporation and Taitsu America, Inc.*

*s/ Robert J. Bruno*
Robert J. Bruno
**SANDERS & PARKS, P.C.**
3030 North Third St., Ste. 1300
Phoenix, Arizona  85012
(602) 532-5755
Fax: (602) 230-5006
Robert.Bruno@SandersParks.com

*Counsel for Defendant Shizuki Electric Co., Inc.*

*s/ Bonnie Lau*
Bonnie Lau (admitted *pro hac vice*)
**DENTONS US LLP**
One Market Plaza
Spear Tower, 24th Floor
San Francisco, California 94105
(415) 882-5083
Fax: (415) 267-4198
bonnie.lau@dentons.com

*Counsel for Defendant Matsuo Electric Co., Ltd.*

12

*s/ John R. Fornaciari*
John R. Fornaciari (admitted *pro hac vice*)
**BAKER & HOSTETLER LLP**
1050 Connecticut Avenue, N.W., Suite 1100
Washington, D.C. 20026
(202) 861-1612
Fax: (202) 861-1783
jfornaciari@bakerlaw.com

*Counsel for Defendants Soshin Electric Co., Ltd. and Soshin Electronics of America, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that a true and correct copy of the foregoing document was served via e-mail through the CM/ECF system for the District of Arizona upon the counsel of record on March 3, 2017.

*/s/ Scott N. Wagner*
Scott N. Wagner