**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Avnet Incorporated, | No. CV-16-02808-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Hitachi Chemical Company Limited, et al., | |
| Defendants. | |

In December 2016, Defendants claimed the relevant factors "overwhelmingly favor[ed]" transferring this case to the Northern District of California "for all purposes." (Doc. 29 at 3). Plaintiff opposed that motion, arguing it was entitled to "the benefits of its home court" in Arizona. (Doc. 49 at 6). The motion to transfer was denied but the case subsequently was transferred to California for pretrial proceedings as part of a multidistrict litigation. The case was transferred back to Arizona a few months ago and now the parties have flipped positions. Plaintiff asks for the case to be transferred to California for trial while Defendants wish to proceed to trial in Arizona. In light of the shifting positions of the parties, neither party's preference is entitled to much weight. However, the factors that must be evaluated in resolving a motion to transfer now favor transfer to California for trial.

As with resolving the previous motion to transfer filed by Defendants, the present motion filed by Plaintiff requires the Court evaluate considerations of "convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The Ninth

1    Circuit has established eight factors to guide that inquiry.[1] The Court previously evaluated

2    each factor and concluded "a few of the factors support transfer and a few do not." (Doc.

3    64 at 7). In large part, that remains the situation now. However, in its prior evaluation of

4    the factors the Court gave "significant weight" to Plaintiff's initial choice to file suit in

5    Arizona. (Doc. 64 at 7). The Court viewed Plaintiff's choice of forum as important

6    because Plaintiff filed in Arizona as an attempt to distance itself from a pending California

7    class action involving similar claims. Plaintiff made clear it did not wish to be a part of

8    the class action. The Court explained Plaintiff's choice was entitled to "significant weight"

9    because "[s]ending an opt-out plaintiff back to the forum where the class action is pending

10   would substantially undercut a plaintiff's right to distance itself from the class action and

11   pursue its own case, on its own terms." (Doc. 64 at 8). That consideration is no longer

12   applicable as the California class action "was resolved in December 2021." (Doc. 94 at 8).

13          Now that Plaintiff no longer has a strong preference that trial occur in Arizona, the

14   balance of the factors supports transferring the case to California. Of particular importance,

15   the judge who handled the multidistrict proceeding is now exceptionally familiar with the

16   parties' contentions and governing law. It is true that some factors still weigh in favor of

17   this case remaining in Arizona. For example, Plaintiff has more significant contacts with

18   Arizona than with California. But the present case is unique in that Defendants previously

19   argued the relevant factors "overwhelmingly weigh in favor of transferring this case to the

20   Northern District of California." (Doc. 29 at 7). Now that Plaintiff does not object, the

21   balance of factors favor transfer, even if not "overwhelmingly."

22          Finally, the Court recently consolidated for pretrial purposes two other similar cases.

23   In their briefing on the motion to transfer, the parties do not identify any basis for treating

24   the three cases differently. Therefore, the Court will transfer all three cases to the Northern

---

[1] The eight factors are: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones*, 211 F.3d at 498-99.

1    District of California.[2]

2        Accordingly,

3        **IT IS ORDERED** the Motion to Transfer (Doc. 94) is **GRANTED**.  The Clerk of

4    Court shall transfer CV-16-2808-PHX-ROS, CV-17-2058-PHX-ROS, CV-19-1705-PHX-

5    ROS to the Northern District of California.

6        Dated this 14th day of July, 2022.

7

8

9                                         _____
                                          Honorable Roslyn O. Silver
10                                         Senior United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    _____

26    [2] The consolidated cases require slightly different application of the applicable factors.
     However, Plaintiffs in CV-17-2058 have principal places of business in Arizona, Alabama,
27    California, and Mexico.  (CV-17-2058, Doc. 1 at 9-11).  And Plaintiffs in CV-19-1705
     have their principal places of business in New York.  (CV-19-1705, Doc. 1 at 9).  Overall,
28    the two newly consolidated cases have relatively meager connections to Arizona.  The 28
     U.S.C. § 1404(a) factors support transferring the cases to California so that these two cases
     can, at the very least, remain consolidated for pretrial purposes with CV-16-2808.